IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| UNITED STATES OF AMERICA, | * | |
| --- | --- | --- |
| | * | |
| Plaintiff, | * | |
| | * | |
| vs. | * | No. 4:12-cr-00069-SWW |
| | * | |
| | * | |
| | * | |
| LARRY LEWIS COONEY, | * | |
| | * | |
| Defendant. | * | |

## ORDER

Defendant Larry Lewis Cooney is under indictment for possessing a 9mm handgun in violation of 18 U.S.C. § 922(g)(1), generically known as a "felon in possession of a firearm" charge.[1] Trial is currently scheduled for May 13, 2013.

Defendant has given notice that he intends to offer a justification defense, specifically, the defense of another, to the charge of being a felon in possession of a firearm. In response, the government has filed a motion in limine [doc.#33] to prohibit defendant from arguing any such defense. The Court held an evidentiary hearing on the government's motion on April 26, 2013. For the reasons that

---

[1] Defendant has prior felony convictions for three counts of sexual abuse 1st degree and two counts of rape.

follow, the Court grants the government's motion in limine.[2]

I.

In October 2011, defendant was living with Warren Cooney, his brother, at a duplex on Tyler Street in Conway, Arkansas. Warren Cooney was approximately 50 years old at the time and had health problems, including a history of heart attacks. Ressie Brooks (Warren Cooney's wife), R.S. (Ressie Brooks's minor daughter), Ashley Brooks (Ressie Brooks's niece), and Chelsea Cousette (Ressie Brooks's daughter) also lived at the duplex. According to Ashley Brooks, all of the individuals living at the duplex, including defendant, had cell phones.

On October 27, 2011, Dwight Avance, who was 19 years old and the boyfriend of R.S., was present at the duplex. Avance and Warren Cooney got into an argument that soon turned physical. Punches were thrown and the two ended up outside wrestling in the mud on or near bricks that were strewn on the ground. Those present at the fight, at least after it started, were Ressie Brooks, R.S., Chelsea Cousette, Ashley Brooks, and Konnie McCarthy, the landlady of the duplex. Some of these individuals tried unsuccessfully to break up the fight, which

---

[2] The Court announced its ruling from the bench at the conclusion of the hearing. This Order, which was prepared without benefit of a certified transcript of the proceedings, memorializes the Court's ruling.

-2-

Avance apparently was winning.[3]  Some of those present also testified that they were afraid Avance might reach for a brick and use it as a weapon but there was no convincing evidence that Avance actually attempted to do so.[4]

Defendant was in his bedroom when the fight began and when the fight continued outdoors not far from the defendant's bedroom window.  One of the females asked defendant to get the 9mm handgun that, according to defendant, was lying under or on the bed in the bedroom shared by Warren Cooney and Ressie Brooks.  Defendant appeared outside with the handgun where the fight was taking place.  When subsequent attempts to break up the fight proved unsuccessful, defendant fired a single shot from the handgun, either in the air or into the ground, which had the effect of stopping the fight.  A few scratches and a cut lip were the only injuries from the fight.

Conway Police Department officers were dispatched to the scene.  Detective Jason Cameron read defendant his rights and took a statement.  Defendant stated in a recorded interview that he was in his room when his nieces, Ashley and "the other one," came back and told him that "dudes were out here fighting and stuff."  He stated that Ressie Brooks met him at the door and "just said get that gun and let

---

[3] Ironically, Avance was wearing a "hoodie" with the anti-smoking slogan "Kick Butts Day" emblazoned on the front.

[4] It appears that several of the witnesses changed their stories.

one up in the air." Defendant stated that Ressie Brooks kept the handgun lying on the bed. He admitted that he pointed the handgun down at Avance and Warren Cooney while they were fighting and said "y'all quit before I have to pop ya." Defendant stated that Avance then said, "Your brother [Warren Cooney] won't let me go." He admitted that he fired a round from the handgun and he admitted that he had a cell phone. Law enforcement recovered the loaded handgun and a spent shell casing and took photographs.

## II.

### A.

As an initial matter, the Court rejects defendant's argument, orally made at the evidentiary hearing, that his indictment for being a felon in possession of a firearm is unconstitutional under the Second Amendment. The United States Court of Appeals for the Eighth Circuit has previously upheld the felon in possession statute, 18 U.S.C. § 922(g)(1), against a facial Second Amendment challenge, see, *e.g., United States v. Brown*, 436 Fed.Appx. 725, 726 (8th Cir. 2011) (citing *United States v. Joos*, 638 F.3d 581, 586 (8th Cir.2011)), and "the Supreme Court explicitly declined to 'cast doubt' on the validity of felon in possession statutes" in its recent decisions addressing the scope of the Second Amendment. See *id*. (quoting *McDonald v. City of Chicago, Ill*., — U.S. —, 130 S.Ct. 3020, 3047

(2010); *District of Columbia v. Heller*, 554 U.S. 570, 626 (2008)). To the extent that defendant also makes an as applied challenge to the statute, he "has not presented 'facts about himself and his background that distinguish his circumstances from those of persons historically barred from Second Amendment protections.'" *Id*. (quoting *United States v. Barton,* 633 F.3d 168, 174 (3rd Cir. 2011)). Defendant has not demonstrated, for example, that his prior felony convictions were for a non violent offense "or that he is 'no more dangerous than a typical law-abiding citizen.'" *Id*.

B.

The Court now turns to the government's motion in limine to prohibit defendant from arguing a justification defense. The Court first notes that the Eighth Circuit has never expressly recognized a justification defense to the crime of being a felon in possession of a firearm. See, *e.g., United States v. Parker*, 475 Fed.Appx. 644, 645-646 (8th Cir. 2012). Assuming such a defense is available, the Eighth Circuit has held that a defendant must show proof of four elements:

> (1) he was under an unlawful and present, imminent, and impending threat of such a nature as to induce a well-grounded apprehension of death or serious bodily injury;
>
> (2) that he had not recklessly or negligently placed himself in a situation in which it was probable that he would be forced to commit a criminal act;

(3) that he had no reasonable, legal alternative to violating the law; and

(4) that a direct causal relationship may be reasonably anticipated between the commission of the criminal act and the avoidance of the threatened harm.

*Id*. (quoting *United States v. El-Alamin*, 574 F.3d 915, 925 (8th Cir. 2009)). "To be entitled to a jury instruction on a justification defense, a defendant must show 'an underlying evidentiary foundation as to each element of the defense,' such that a reasonable person could conclude that the evidence supported the defendant's position." *United States v. Poe*, 442 F.3d 1101, 1104 (8th Cir. 2006) (quoting *United States v. Hudson*, 414 F.3d 931, 933 (8th Cir. 2005)).

The Court will assume without deciding that the first element of a justification defense applies to situations involving the apprehension of death or serious bodily injury to those other than just the defendant. Given the age and health differences between Avance and Warren Cooney, the fact that Avance apparently was winning the fight, and the presence of bricks that could be used as a weapon, the Court finds that defendant has established that he was under an unlawful and present, imminent, and impending threat of such a nature as to induce a well-grounded apprehension of death or serious bodily injury to his brother, with whom he shared a home.

Concerning the second element, there was nothing reckless or negligent in

defendant being at his own residence.  The Court does, however, find that defendant recklessly or negligently placed himself in the situation by getting involved in the fight between Avance and Warren Cooney.  *Cf. United States v. Blankenship*, 67 F.3d 673, 678 (8th Cir. 1995) (holding that the defendant was not entitled to a justification defense because he recklessly placed himself in the situation by confronting the individual threatening harm to him and his family; defendant could have gone for help or sent his wife to the neighbors' residence to call the police).

Concerning the third element, the Court finds that no reasonable person would conclude that defendant had no reasonable, legal alternative to violating the law.  Defendant could have insisted that one of the other people present take the handgun outside to attempt to break up the fight if they felt the handgun was what was needed in the situation.  He also could have proceeded outside without the handgun and attempted to break up the fight in that manner or assisted others present in doing so.  Defendant also could have simply telephoned the police or a neighbor. *Cf. United States v. Cage*, 149 Fed. Appx. 545 (8th Cir. 2005) (per curiam) ("[defendant] was not entitled to the [justification] defense" as "[defendant] could have called the police on the night of January 31 [when he was attacked] or when [the assailant] arrived the next morning, but never did so.  He

could have left his residence after [the assailant] departed on January 31, but did not.").[5]

Concerning the fourth and final element, the Court finds that defendant has established that a direct causal relationship may be reasonably anticipated between the commission of the criminal act and the avoidance of the threatened harm. Whatever else one may say about defendant's actions with the handgun, it had the effect of breaking up the fight.[6]

In sum, the Court finds that defendant has met the first and fourth elements necessary for a justification defense. Defendant has not met the second element in that while it was not reckless or negligent for him to be at his residence, he recklessly or negligently placed himself in the situation by getting involved in the fight between Avance and Warren Cooney. Defendant also has not met the third element in that no reasonable person would conclude that defendant had no reasonable, legal alternative to violating the law. Because defendant has not shown an underlying evidentiary foundation as to each element of the justification

---

[5] Upon being informed that he was being arrested for aggravated assault and felon in possession of a firearm, defendant, somewhat chagrined, observed, "Well, I might as well just let them have the damn fight, shouldn't I?"

[6] The Court of course is in no way condoning the firing of a handgun within city limits. Defendant downplayed the risk of firing the handgun, stating that it was simply fired into the ground, but the bullet might have struck a rock or other object of which defendant was unaware and ricocheted in an unforseen direction.

defense, such that a reasonable person could conclude that the evidence supported defendant's position, see *Poe*, 442 F.3d at 1104, defendant may not argue a justification defense.[7]

III.

For the foregoing reasons, the Court grants the government's motion in limine [doc.#33].

IT IS SO ORDERED this 3rd day of May 2013.

/s/Susan Webber Wright<br>UNITED STATES DISTRICT JUDGE

---

[7] In addition, defendant may not argue jury nullification.